UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:26-cv-00621-DOC-SK                              Date: February 17, 2026

Title: Ahmad Mohammad M. Alhroub v. Santacruz Jr et al

PRESENT:    THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING TEMPORARY RESTRAINING ORDER [5]**

On February 11, 2026, Petitioner Ahmad Mohammad M. Alhroub filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. 1). On the same day, Petitioner filed an ex parte application for a temporary restraining order ("App."). (Dkt. 5). For the reasons stated below, the Application is **GRANTED**.

**I.   Background**
   A.   Facts

Petitioner alleges the following:

Petitioner is a Jordanian national who has been detained by Immigration and Customer Enforcement ("ICE") for around eight months. Petition at 2. Petitioner applied for asylum due to his fear of returning to Jordan; however his case was dismissed and he was arrested by ICE as he was leaving his asylum hearing on June 12, 2025. *Id*. A final order of removal was issued for Petitioner on or around June 12, 2025. *Id*. Petitioner was denied bond on January 26, 2026. Petition, Exhibit A. The Immigration Judge adjudicating the matter said that "nothing in the record supports the existence of any criminal record, thus danger is not at issue." *Id*. Nonetheless, bond was denied. *Id*.

Petitioner has never been convicted of any crimes since his entry into the United States on April 16, 2024. *Id*. Furthermore, Petitioner has a brother in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00621-DOC-SK                                                                 Page 2 of 5

United States who is a U.S citizen, as well as strong family ties. *Id*. Prior to his detention, Petitioner was working and paying taxes. App at 4.

## II.   Legal Standard

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

For the Court to grant an application for a TRO, the moving party must show: (1) they are "likely to succeed on the merits" of the underlying claim; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief;" (3) "the balance of equities tips in his favor;" and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

When the United States commences removal proceedings against an alien, the Attorney General may detain the alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). If the proceedings result in an order of removal, the Attorney General is required to remove the alien within 90 days, known as the removal period. 8 U.S.C. § 1231(a)(1)(A). The "removal period" begins on the latest of the following: "(i) [t]he date the order of removal becomes administratively final[;] (ii) [i]f the removal is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] [or] (iii) [i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B). Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2). Pursuant to Section 1231(a)(6), however, an inadmissible or criminal alien, or one who the Attorney General has determined will be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6).

Once a final order of removal has been issued, detention is governed under the INA, 8 U.S.C. § 1231(a)(6). In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not authorize the government to detain an alien awaiting removal indefinitely after the statutory 90-day removal period. 533 U.S. at 689. Rather, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 5:26-cv-00621-DOC-SK                                                      Page 3 of 5

Supreme Court construed the statute to contain an implicit "reasonable time" limitation. *Id*. at 682. The Court held that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. "[F]or the sake of uniform administration in the federal courts," the Court held that six months was a presumptively reasonable period of detention. *Id*. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

**III.   Discussion**
    A.  Petitioner has established a likelihood of success on the merits.
    The first Winter factor, "the most important factor" in assessing whether injunctive relief should be granted.  *Env't Prot. Info. Ctr. v. Carlson,* 968 F.3d 985, 989 (9th Cir. 2020).  Here, the Court finds Petitioner has established a likelihood of success on the merits.
    Petitioner argues that after being held over eight months in ICE custody, his removal is not reasonably foreseeable under *Zadvydas*. ICE has not provided any indication that Jordan is ready to accept the Petitioner back, or that efforts are underway to send Petitioner to a third country. Respondents have not responded to Petitioner's application with evidence that Petitioner's removal is reasonably foreseeable. (See generally, *Timina v. Wofford*, 2025 WL 3228138, *3 (E.D. Cal. 2025) (finding that respondents have not put forth sufficient evidence to rebut petitioner's showing when respondents "do not provide any details whatsoever regarding what actions have been and are being taken in pursuing Petitioner's removal to a third country"). Nor is there evidence of a post-order custody review by ICE determining that Petitioner's continued custody is warranted.
    In short, Petitioner is likely to prevail on the merits that his continued detention is no longer authorized under § 1231(a)(6), making petitioner's continued detention unreasonable and a serious violation of his due process rights. See *Zadvydas*, 533 U.S. at 690, 121 S.Ct. at 2498 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amendment's Due Process Clause forbids the Government to 'deprive' any 'person . . . of . . . liberty . . . without due process of law.' Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that Clause protects.); see also *Gomez v. Mattos*, 2025 WL 3101994, *7 (D. Nev. 2025) ("Because the Court holds that Petitioner's continued detention violates the Fifth Amendment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00621-DOC-SK                                  Page 4 of 5

based on the analytical framework provided in *Zadvydas*, the Court finds that Petitioner's immediate release, subject to reasonable terms of supervision provided under 8 U.S.C. § 1231(a)(3), is warranted."); *Rodriguez Del Rio v. Price*, 2020 WL 7680560, *5 (W.D. Tex. 2020) ("As Petitioner is being held in violation of the Constitution's Due Process Clause, it follows that Petitioner should be released pursuant to the regulations in § 1231(a)(3)."); *Abubaka v. Bondi, et al.*, 2025 WL 3204369, *9 (W.D. Wash. 2025) (ordering similar relief); *Hambarsonpour v. Bondi, et al.*, 2025 WL 3251155, *5 (W.D. Wash. 2025) (same); *Salazar-Martinez v. Lyons*, 2025 WL 3204807, *3 (D.N.M. 2025) (same).

    B. Without injunctive relief, Petitioner will likely suffer irreparable harm.

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690 (1976)); see *Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017) (recognizing the "irreparable harms imposed on anyone subject to immigration detention" and holding that plaintiffs had "established a likelihood of irreparable harm by virtue of the fact that they are likely to be unconstitutionally detained for an indeterminate period of time"). Where "the alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (internal quotation marks omitted). The Court therefore finds that Petitioner has been and would continue to be irreparably harmed by the deprivation of his liberty in violation of his due process rights.

    C. The balance of hardships and public interest is in Petitioner's favor.

The last two Winter factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The violation of Petitioner's constitutional rights cannot be justified in this matter. *See Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020) ("It is always in the public interest to prevent the violation of a party's constitutional rights.") (internal quotation marks omitted); *Vargas v. Jennings*, 2020 WL 5074312, *4 (N.D. Cal. 2020) ("Just as the public has an interest in the orderly and efficient administration of this country's immigration laws[,] . . . the public has a strong interest in upholding procedural protections against unlawful detention.") (internal quotation marks and citation omitted); *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00621-DOC-SK                                                          Page 5 of 5

[government] . . . to violate the requirements of federal law[.]") (internal quotation marks omitted).

### IV. Disposition

Based on Petitioner's showing of likelihood of success on the merits and irreparable harm, the minimal harm to Respondents, and the public's interest in upholding the Constitution, the Court **GRANTS** Petitioner's Application.

The Court **ORDERS** that:

1. Respondents release petitioner forthwith under reasonable conditions of supervision provided under 8 U.S.C. § 1231(a)(3).
2. Respondents shall file a Notice of Compliance within twenty-four (24) hours of releasing petitioner.
3. Respondents shall file their opposition to the Preliminary Injunction Application by no later than February 24, 2026. Failure to file their opposition by the deadline set forth above shall be deemed as consent to the granting of the Preliminary Injunction Application.
4. Petitioner shall file his Reply in support of his Preliminary Injunction Application by no later than March 3, 2026.
5. The court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Preliminary Injunction Application or take the Preliminary Injunction Application under submission.

MINUTES FORM 11                                                          Initials of Deputy Clerk: kdu

CIVIL-GEN